IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | 1:13-cv-00210-GSA-PC |
| Plaintiff, | ORDER STRIKING FIRST AMENDED COMPLAINT FOR LACK OF SIGNATURE (Doc. 9.) |
| vs. | |
| RENEE MEDINA, et al., | THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WHICH BEARS PLAINTIFF'S SIGNATURE |
| Defendants. | |

**I.   BACKGROUND**

Archie Cranford ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint initiating this action on February 8, 2013. (Doc. 1.) On March 7, 2013, Plaintiff filed the First Amended Complaint. (Doc. 9.)

**II.   DISCUSSION**

The First Amended Complaint is unsigned. (Doc. 9 at 3 ¶V.) All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Accordingly, Plaintiff's First Amended Complaint, filed on March 7, 2013, shall be stricken from the record for lack of signature. Plaintiff shall be afforded an opportunity to file a Second Amended Complaint which bears his signature.

///

1

### III. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint must be stricken from the record for lack of signature, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file a Second Amended Complaint which bears his signature. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

Plaintiff is reminded that the Second Amended Complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff is also reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on March 7, 2013, is STRICKEN from the record for lack of Plaintiff's signature, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint which bears Plaintiff's signature;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-00210-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 8, 2013**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

3