UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>R. MEDINA, et al.,<br><br>　　　　Defendants | Case No. 1:13 cv 00210 GSA<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

## I.　Screening Requirement

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

This action proceeds on the March 18, 2013, second amended complaint. Plaintiff is a civil detainee in the custody of the California Department of Mental Health (CDMH) at Coalinga State Hospital. Plaintiff brings this civil rights action against defendant employees of the CDMH at Coalinga. Plaintiff names the following individual defendants: Physical Therapist R. Medina; Registered Nurse W. Contreras; R. Suzana RN, S. Valley; M. Morales; S. Mukibi. Plaintiff claims that he was subjected to inadequate medical care. Plaintiff also claims that he was subjected to excessive force.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 21, 2013 (ECF No. 5).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     **Plaintiff's Claims**

Plaintiff's allegations are vague and rambling. Plaintiff refers to unnecessary pain and suffering in connection with a delay in giving Plaintiff his medications. Plaintiff alleges that Defendant Contreras gave him a pill after dropping it on the "filthy med rm floor." Plaintiff alleges that after taking his medications, he experienced a rapid heartbeat, profuse sweating and impaired vision "to the point of blindness." Plaintiff alleges that Defendants engaged in an attempt to kill him.

Plaintiff alleges that, at some point, Defendant Morales failed to give him pain medication for his legs, leaving him in distress. Plaintiff also alleges that he was lured to the exam room by Defendant Suzana under false pretenses. Once Plaintiff was in the exam room, Suzana explained to Plaintiff "what should happen due to the fact that he is a SVP." Plaintiff alleges that he "elected to leave the room before disaster struck." Plaintiff alleges that as he was in the process of leaving, Defendant Suzana grabbed that back of his shirt, causing him to stop abruptly and injuring the "muscles and tendons in his back."

///

///

Case 1:13-cv-00210-EPG   Document 13   Filed 05/16/14   Page 3 of 6

A.  **Medical Care**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004)(quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)(pretrial detainees, who are confined to ensure their presence at trial and are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base [his or her] decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth a generalized allegation regarding her health care, and names 6 individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged each defendant with conduct

3

indicating that they acted contrary to professional judgment.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition.  Plaintiff must allege facts indicating that each defendant acted in a way that was in violation of professional judgment.  A vague allegation of delay in getting medication is insufficient.  Plaintiff must charge each named defendant with specific conduct that violates the above standard.  Plaintiff has failed to do so here.  The first amended complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file a second amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### B. Excessive Force

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety."  Farmer, 511 U.S. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious."  Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the Eighth Amendment.  Fisher v. Bryant, 2:10 cv 2311 KJM DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012)(Applying the Fourteenth Amendment due process standard to

4

a claim of the excessive force brought by a civil detainee, rather than the standard set forth under the Eighth Amendment). The Ninth Circuit has recognized that the aforementioned Eighth Amendment rights guaranteed for prisoners "set a floor for those that must be afforded to" civil detainees. Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007)*summarily reversed on other grounds by* Hunter v. Hydrick, 129 S.Ct. 2431 (2009). The objectively reasonable standard set forth by the Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth Amendment, Fisher , 2012 WL 327 6986 *9 (E.D. Cal. 2012), applies to Plaintiff's claim.

Here, Plaintiff's allegations fail to meet the lower Fourteenth Amendment standard. Plaintiff alleges that after he was called to the medical clinic, he decided to leave. The only conduct charged to Defendant Suzana is that she grabbed Plaintiff's shirt in an attempt to stop him from leaving the clinic. The Court finds such an allegation, even construed in Plaintiff's favor, indicates that Suzana acted in an objectively reasonable manner. This claim should therefore be dismissed.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

5

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

    IT IS SO ORDERED.

Dated: **May 15, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE