UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>            Plaintiff,<br><br>   vs.<br><br>RENEE MEDINA, et al.,<br><br>            Defendants. | 1:13-cv-00210-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT RENEE MEDINA<br>(ECF No. 28.) |

**I.    BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 8, 2013. (ECF No. 1.)

On February 21, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On April 7, 2015, Plaintiff filed the Fourth Amended Complaint. (ECF No. 26.) On October 26, 2015, Plaintiff filed a motion for entry of default and default judgment against defendant Renee Medina. (ECF No. 28.)

## II.     ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Plaintiff requests entry of default and default judgment against defendant Renee Medina for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Plaintiff asserts that he served defendant Renee Medina with a copy of the Fourth Amended Complaint, "which appears from the proof of service on file." (Motion at 3:11.)

**Discussion**

Court records do not reflect Plaintiff's assertion that defendant Renee Medina has been properly served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. In fact, it is not time for service of process in this case. The Fourth Amended Complaint, filed on April 16, 2015, awaits the court's requisite screening under 28 U.S.C. § 1915A. (ECF No. 26.) The court will not direct the United States Marshal ("Marshal") to serve process in this action until after the court has screened the complaint under 28 U.S.C. § 1915A and found that Plaintiff states a cognizable claim. Plaintiff will receive notice from the court when it is time for service.

Plaintiff has not shown that defendant Renee Medina was properly served with process and failed to plead or otherwise defend pursuant to Rule 55(a). Therefore, Plaintiff's motion for entry of default and default judgment must be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default and default judgment against defendant Renee Medina, filed on October 26, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **October 30, 2015**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE