UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>RENEE MEDINA, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00210-EPG-PC<br><br>**ORDER DISMISSING FOURTH AMENDED COMPLAINT**<br><br>(ECF No. 9.) |

  Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 8, 2013.  (ECF No. 1.)   On February 21, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k).

  Plaintiff amended his Complaint on March 7, 2013, but the First Amended Complaint was stricken because Plaintiff failed to sign it.  (ECF Nos. 9, 11.)  On March 18, 2013, Plaintiff

1

filed a Second Amended Complaint.  (ECF No. 12.)  The Court[1] screened Plaintiff's Second Amended Complaint and dismissed it with leave to amend.  Plaintiff filed four separate (and different) Third Amended Complaints between May 29, 2014 and June 11, 2014.  (ECF Nos. 16, 17, 18, 22.)  After the Court informed Plaintiff that he could proceed with only one of his Third Amended Complaints, Plaintiff picked one and immediately filed a motion seeking default judgment based on that Complaint.  (ECF Nos. 20, 23.)  The Third Amended Complaint Plaintiff selected, however, was again not signed, and the Court instructed him to file a Fourth Amended Complaint (the "4AC") bearing his signature.  (ECF No. 25.)  The Court also denied Plaintiff's motion for default judgment.  (ECF No. 24.)  Plaintiff filed the 4AC and again moved for default judgment shortly thereafter.  (ECF Nos. 26, 28.)

Over the course of this action, the claims alleged in Plaintiff's complaints have changed significantly.  The latest iteration of the complaint, in fact, alleges conduct that did not occur until a year after the initial Complaint was filed.  All the complaints appear to involve Plaintiff's interactions with various medical personnel at Coalinga State Hospital ("CSH").  The Court previously ruled that Plaintiff failed to state a claim because he failed to describe: (1) which defendants engaged in what conduct; (2) facts indicating that the defendants acted contrary to professional judgment; (3) facts showing what was done to violate his rights; and (4) facts demonstrating that any of the conduct described was not objectively reasonable.  The Court now finds that Plaintiff's 4AC suffers from the same deficiencies and dismisses Plaintiff's case.

I.  **SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] The prior screening order was issued by United States Magistrate Judge Gary Austin.

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  *Id*.  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id*. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   SUMMARY OF FOURTH AMENDED COMPLANT

Plaintiff is a civil detainee housed at CSH. Plaintiff names the following individual defendants:  Renee Medina, Wafa Contreas, Senait Endale, Stefani Valley, Maira Morales, Solomey Mukibi, Ama Mensab-Butts, and Rita Suzana.  The Defendants appear to work at CSH, although it is not clear in what capacity they do so.

Plaintiff sets forth vague allegations regarding his medical treatment at CSH.  He alleges that in 2011 he was attacked by several other patients at CSH and one of the defendants "stood by and watched" the attack.  It is unclear which defendant Plaintiff is referring to.  In 2014, Plaintiff was seen by a doctor who confirmed that Plaintiff had suffered some kind of head injury, but stated that the injury had "healed its self [sic]" after the passage of time.

Plaintiff alleges that, shortly thereafter, he required unspecified medical care and that no medical care was provided. The rest of the 4AC consists of citations to various case law and a recitation of the professional judgment standard enunciated in *Youngberg v. Romeo*, 457 U.S. 307 (1982). Plaintiff concludes that defendants violated his constitutional rights by failing to provide adequate medical care. He also makes a general allegation that defendants have discriminated against him on the basis of race under "section 1981."

### III. PREVIOUS SCREENING ORDER

This is Plaintiff's fourth amended complaint. The Court previously screened an earlier version of Plaintiff's complaint and dismissed it for failure to state a claim. (ECF No. 13.) In that order, the Court provided the standards for stating a claim for failure to provide medical care and failure to protect and explained why Plaintiff's complaint failed to state a claim. The Court also detailed what information Plaintiff should provide in his amended complaint. Specifically, the Court explained:

> Plaintiff has not specifically charged each defendant with conduct indicating that they acted contrary to professional judgment. Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition. Plaintiff must allege facts indicating that each defendant acted in a way that was in violation of professional judgment. A vague allegation of delay in getting medication is insufficient. Plaintiff must charge each named defendant with specific conduct that violates the above standard. Plaintiff has failed to do so here. The first amended complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.
>
> Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

(ECF No. 13, pg. 3-4 (emphasis in original).)

///

///

///

4

## IV. EVALUATION OF THE FOURTH AMENDED COMPLAINT

As an initial matter, Plaintiff's allegations regarding the failure of one of the Defendants to protect him from other patients appears to be a new claim that was not alleged in his previous complaints. It is also largely unconnected to the events central to the other complaints: a failure to provide appropriate medical treatment. He also appears to have expanded his allegations to discuss conduct that occurred in 2014, a year after he filed his original complaint. Plaintiff was previously advised that "he may not change the nature of this suit by adding new, unrelated claims in his amended complaint." (Order Dismissing Second Amended Complaint 5:18-21, *citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), ECF No. 13.) Plaintiff is not permitted to allege entirely new claims in the 4AC; Plaintiff was given leave to amend the complaint explicitly and solely for the purpose of alleging the specific facts required to state his failure to provide medical care and excessive force claims. If Plaintiff has a claim that exists independent of this action, the proper course of action is the initiation of a new case, not the amendment of a complaint in the current one.[2]

### Section 1981

Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Section 1981 is intended to "forbid all racial discrimination in the making of private as well as public contracts." *Martinez v. Oakland Scavenger Co.*, 680 F.Supp. 1377, 1388 (N.D. Cal. 1987). A claim under § 1981 thus requires a plaintiff to "show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Section 1981 can

---

[2] The Court observes that Plaintiff has eight separate cases that were filed prior to this action and thirty seven separate cases that were filed after this action in the U.S. District Court for the Eastern District of California.

only be violated by purposeful discrimination. *General Bld. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Evans,* 869 F.2d at 1344. "[O]vert acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus" are sufficient to survive dismissal at the pleading stage of litigation. *Evans*, 869 F.2d at 1345, *citing Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Nothing in the 4AC indicates that any of the Defendants were motivated by racial animus.  Nor does Plaintiff even identify which Defendant was involved in the alleged conduct.  Plaintiff has thus failed to state a claim under § 1981.

### **Failure to Protect and Failure to Provide Medical Care**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment.  *Youngberg v. Romeo,* 457 U.S. 307, 315 (1982); *Cranford v. Dirige*, Case No. 1:14-cv-01101-BAM, 2014 WL 5454213, at *2 (E.D. Cal. Oct. 28, 2014). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Jones v. Blanas,* 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg,* 457 U.S. at 321–22); *cf. Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1243–44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." *Youngberg,* 457 U.S. at 323.  A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." *Youngberg,* 457 U.S. at 323.

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988).  To establish a violation of this duty, a


prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." *Id*. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." *Id.*, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the prisoner must demonstrate that prison officials must have known of and disregarded an excessive risk to the prisoner's safety." *Id*. at 837.

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the Eighth Amendment. *Fisher v. Bryant*, Case No. 2:10-cv-2311-KJM-DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012). The Ninth Circuit has recognized that the aforementioned Eighth Amendment rights guaranteed for prisoners "set a floor for those that must be afforded to" civil detainees. *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated on other grounds by Hunter v. Hydrick*, 129 S.Ct. 2431 (2009). The objectively reasonable standard set forth by the Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth Amendment, applies to Plaintiff's failure to protect claim.

To state either claim, Plaintiff must establish that each defendant had "some kind of direct, personal participation" in the alleged acts. *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007). As with the previous iterations of his complaint, Plaintiff has failed to explain specifically what conduct he alleges was wrongful or which defendants participated in that conduct. Without this information, Plaintiff does not properly allege that any defendant's conduct fell outside the professional judgment standard and he thus fails to state a claim. *Cranford v. Dirige*, Case No. 1:14-cv-01101-BAM (PC), 2014 WL 5454213, at *3 (E.D. Cal. Oct. 28, 2014) (dismissing complaint because "[t]he Court cannot ascertain from Plaintiff's allegations what happened, where it happened or what defendants did or did not do that violated Plaintiff's constitutional rights"); *Cranford v. Manion*, Case No. 1:08-cv-978-MJS (PC), 2011 WL 976557, at *4 (E.D. Cal. March 16, 2011) (dismissing complaint because

plaintiff "fails to provide any detail as to how he was threatened, when these threats occurred, or what the other patients threatened to do").

V. **CONCLUSION**

The Court finds that Plaintiff's Fourth Amended Complaint fails to state any cognizable claims upon which relief may be granted.  The Court previously granted Plaintiff leave to amend the complaint on multiple occasions and with ample guidance by the Court.  Plaintiff has been unable to remedy the defects or state a claim even after receiving guidance from the Court.  There is thus little reason to believe that providing Plaintiff further opportunities to amend his complaint would serve any useful purpose.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment and further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (upholding dismissal of second amended complaint without leave to amend after plaintiff failed to make appropriate changes to amended complaints); *Cranford v. Perryman*, Case No. 1:13-cv-00581-MJS, 2013 WL 5477377, at *3 (E.D. Cal. Sept. 30, 2013).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and
2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **May 19, 2016**                                         /s/ Erica P. Grosjean
                                                                                          UNITED STATES MAGISTRATE JUDGE